IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRETT MICHAEL SANDERS | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:15-CV-02782-D |
| | § | |
| LIEUTENANT MIKE VINCENT, et al | § | |

## DEFENDANTS' ANSWER & ASSERTION OF INDIVIDUAL'S IMMUNITY TO PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Defendants the City of Addison, Lt. Mike Vincent, Officer T. Bagley, and Officer B. Jones, and in Response to the August 25, 2015 "Plaintiff's Original Complaint and Jury Demand" (Doc. 1) (hereinafter "the Complaint") hereby answer as follows:

## I. ADMISSIONS & DENIALS

**1.01** In connection with Complaint paragraph 1, Defendant admits Plaintiff seeks the relief described therein and admits that Plaintiff was observed using a video camera and was detained, but denies the balance of allegations in the paragraph.

**1.02** Defendant admits the allegations in Complaint paragraph 2.

**1.03** Defendant admits the allegations in Complaint paragraph 3.

**1.04** Defendant admits the allegations in Complaint paragraph 4.

**1.05** Defendant admits the allegations in Complaint paragraph 5.

**1.06** Defendant admits the allegations in Complaint paragraph 6.

**1.07** Defendant admits the allegations in Complaint paragraph 7.

**1.08** Defendant admits Plaintiff seeks the relief described in Complaint paragraph 8 and the Court has jurisdiction over the dispute, but denies that the true facts and applicable law afford Plaintiff a right to relief.

**1.09**    Defendant admits the allegations in Complaint paragraph 9.

**1.10**    In connection with Complaint paragraph 10, Defendant admits venue is proper, but denies that the true facts and applicable law afford Plaintiff a right to relief.

**1.11**    In connection with Complaint paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies the allegations.

**1.12**    In connection with Complaint paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies the allegations.

**1.13**    In connection with Complaint paragraph 13, Defendant admits that Plaintiff was present at the location described, and using a video camera, but denies the balance of allegations in that paragraph.

**1.14**    In connection with Complaint paragraph 14, Defendant admits Plaintiff was located on the sidewalk as he described, was dressed in shorts and a t-shirt and cap, was wearing a backpack and a handgun in a holster, but denies the balance of allegations in that paragraph.

**1.15**    Defendant denies the allegations in Complaint paragraph 15.

**1.16**    Defendant denies the allegations in Complaint paragraph 16.

**1.17**    In connection with Complaint paragraph 17, Defendant admits that the Police Officers, including Vincent, Bagley and Jones were acting within the lawful authority of their office as Police Officers in the State of Texas in accordance with the true facts and applicable law, but denies the balance of allegations in paragraph 17.

**1.18**    Defendant denies the allegations in Complaint paragraph 18.

**1.19**    Defendant denies the allegations in Complaint paragraph 19.

**1.20**    Defendant denies the allegations in Complaint paragraph 20.

**1.21**    In connection with Complaint paragraph 21, Defendant admits Officer Bagley questioned Plaintiff and told him he was under detention, and requested identification, but denies the balance of allegations in the paragraph.

**1.22**    In connection with Complaint paragraph 22, instead of cooperating with the investigatory detention, Plaintiff instead questioned Officer Bagley and other Officers.

**1.23**    In connection with Complaint paragraph 23, Defendant admits Plaintiff's conduct was suspicious and the type of conduct that would make a reasonable Police Officer suspicious and nervous under a totality of the circumstances, and Officer Bagley gave Plaintiff an indication to that effect, and denies the balance of allegations in Complaint paragraph 23.

**1.24**    In connection with Complaint paragraph 24, Defendant admits Officer Bagley questioned Plaintiff and told him he was under detention, and requested identification, but denies the balance of allegations in the paragraph.

**1.25**    In connection with Complaint paragraph 25, Defendant admits that under a totality of the circumstances, including Plaintiff's actions, Plaintiff's suspicious activity did include videotaping the Police Department and Officer Bagley made a statement to that effect, but denies the balance of allegations in Complaint paragraph 25.

**1.26**    In connection with Complaint paragraph 26, Defendant admits that under a totality of the circumstances known to or facing Officers, including Officer Bagley, a reasonable Officer would have recognized a reasonable suspicion supporting an investigatory detention, and that such detention could include a concern over photographing or videotaping Police facilities and Officers. Defendant denies the balance of allegations in Complaint paragraph 26.

**1.27**    In connection with Complaint paragraph 27, Defendant admits that while Plaintiff was detained, he was advised that he may be arrested. In connection with the balance of allegations therein, this is a statement of Plaintiff's understanding of the law and is not the type of matter to

be admitted or denied.

**1.28**     In connection with Complaint paragraph 28, Defendant admits that while Plaintiff was detained, and while beginning to take out something, he made a statement to the effect that he was going to take out his cell phone and Officer Bagley instructed him not to do so. Defendant denies the balance of Complaint paragraph 28.

**1.29**     In connection with Complaint paragraph 29, Defendant admits that while Plaintiff was detained, he made another statement to the effect that he was going to reach for or take out a cell phone, he began making a movement to that effect, and he was again instructed not to do so by Officer Bagley.

**1.30**     In connection with Complaint paragraph 30, Defendant admits that while Plaintiff was detained, he made another statement to the effect that he was going to reach for or take out a cell phone, he began making a movement to that effect, and he was again instructed not to do so by Officer Bagley.

**1.31**     In connection with Complaint paragraph 31, Defendant admits Plaintiff made a statement to Officer Bagley similar to the effect that he had no ill will, but under a totality of the circumstances, a reasonable Officer such as Bagley reasonably would have believed Plaintiff may in fact have been acting with ill will or bad intentions, and Defendant denies the balance of allegations therein.

**1.32**     In connection with Complaint paragraph 32, Defendant admits that while Plaintiff was being detained, and after he had been instructed not to do so, Plaintiff did take out his cell phone, apparently attempting to use the cell phone for an uncertain reason, and at that time Officer Bagley used a defensive technique to take Plaintiff to the ground and continued the investigatory detention by placing Plaintiff in handcuffs for Officer safety reasons, but Defendant denies the balance of allegations in Complaint paragraph 32.

**1.33**    Defendant admits the allegations in Complaint paragraph 33.

**1.34**    Defendant denies the allegations in Complaint paragraph 34.

**1.35**    In connection with Complaint paragraph 35, Defendant admits Mr. Sanders remained in detention after other Officers arrived on the sidewalk, but Defendant denies the balance of allegations in Complaint paragraph 35.

**1.36**    In connection with Complaint paragraph 36, Defendant admits that Plaintiff was kept in handcuffs for a period of time of approximately 20 minutes while being detained, and that he was offered the opportunity to sit on the ground if he did not want an Officer to keep his hands on him, and by words or actions or both, Plaintiff declined the option of sitting on the ground. Defendant denies the balance of Complaint paragraph 36.

**1.37**    In connection with Complaint paragraph 37, Defendant denies Plaintiff was under arrest but he instead was reasonably briefly detained for investigatory purposes. Defendant denies the balance of allegations in that paragraph.

**1.38**    Defendant denies the allegations in Complaint paragraph 38.

**1.39**    Defendant denies the allegations in Complaint paragraph 39.

**1.40**    Defendant denies the allegations in Complaint paragraph 40.

**1.41**    In connection with Complaint paragraph 41, Defendant admits that while Plaintiff was detained, one or more Officers tried to explain to Mr. Sanders the reasons for detention.

**1.42**    Defendant admits the allegations in Complaint paragraph 42.

**1.43**    Defendant denies the allegations in Complaint paragraph 43.

**1.44**    In connection with Complaint paragraph 44, Defendant denies the report submitted by Officer Bagley was false.

**1.45**    Defendant denies the allegations in Complaint paragraph 45.

**1.46**    Defendant denies the allegations in Complaint paragraph 46.

**1.47**     Defendant denies the allegations in Complaint paragraph 47.

**1.48**     Defendant denies the allegations in Complaint paragraph 48.

**1.49**     Defendant denies the allegations in Complaint paragraph 49.

**1.50**     Defendant repeats all of his admissions and denials as to Complaint paragraphs 1-49.

**1.51**     In connection with Complaint paragraph 51, this paragraph amounts to a broad statement of Plaintiff's understanding of legal principles and is not the type of averment to be admitted or denied, but to the extent Plaintiff directly or indirectly references the situation involved in the present case, Defendant asserts the true facts and applicable law do not afford Plaintiff entitlement to relief.

**1.52**     In connection with Complaint paragraph 52, this paragraph amounts to a broad statement of Plaintiff's understanding of legal principles and is not the type of averment to be admitted or denied, but to the extent Plaintiff directly or indirectly references the situation involved in the present case, Defendant asserts the true facts and applicable law do not afford Plaintiff entitlement to relief.

**1.53**     In connection with Complaint paragraph 53, Plaintiff omits a description of the relevant totality of circumstances and facts known to Defendant or other Officers that afforded Officers reasonable suspicion to conduct a reasonable investigatory detention and to the extent the statements in paragraph 53 are self-serving and do not provide relevant complete factual context, Defendant must therefore deny the allegations.

**1.54**     In connection with Complaint paragraph 54, it remains unknown to Defendant as to whether the handgun Plaintiff possessed did or did not fit within the description of a type of weapon that is not subject to restrictions on possession, but it nonetheless did appear to be a deadly weapon and therefore it is unknown whether or not Mr. Sanders was engaged in, or intending to

engage in unlawful activity regarding the handgun, and to the extent reasonable suspicion existed for an investigatory detention, a reasonable Officer would believe there was a lawful basis for an Officer performing duties to lawfully carry out an investigatory detention.

**1.55**   Defendant denies the allegations in Complaint paragraph 55.

**1.56**   Defendant denies the allegations in Complaint paragraph 56.

**1.57**   Defendant denies the allegations in Complaint paragraph 57, and all subparts contained therein.

**1.58**   Defendant denies the allegations in Complaint paragraph 58.

**1.59**   Defendant denies the allegations in Complaint paragraph 59.

**1.60**   Defendant denies the allegations in Complaint paragraph 60.

**1.61**   Defendant denies the allegations in Complaint paragraph 61.

**1.62**   Defendant denies the allegations in Complaint paragraph 62.

**1.63**   Defendant denies the allegations in Complaint paragraph 63.

**1.64**   Defendant denies the allegations in Complaint paragraph 64.

**1.65**   Defendant denies the allegations in Complaint paragraph 65, and all subparts contained therein.

**1.66**   Defendant denies the allegations in Complaint paragraph 66.

**1.67**   Defendant denies the allegations in Complaint paragraph 67.

**1.68**   Defendant repeats all of his admissions and denials as to Complaint paragraphs 1-67.

**1.69**   Defendant denies the allegations in Complaint paragraph 69.

**1.70**   Defendant denies the allegations in Complaint paragraph 70.

**1.71**   Defendant denies the allegations in Complaint paragraph 71.

**1.72**   Defendant denies the allegations in Complaint paragraph 72.

**1.73**    Defendant denies the allegations in Complaint paragraph 73.

**1.74**    Defendant denies the allegations in Complaint paragraph 74.

**1.75**    Defendant repeats all of his admissions and denials as to Complaint paragraphs 1-74.

**1.76**    Defendant denies the allegations in Complaint paragraph 76.

**1.77**    Defendant denies the allegations in Complaint paragraph 77.

**1.78**    Defendant denies the allegations in Complaint paragraph 78.

**1.79**    Defendant denies the allegations in Complaint paragraph 79.

**1.80**    Defendant denies the allegations in Complaint paragraph 80.

**1.81**    In connection with Complaint paragraph 81, Defendant admits Plaintiff seeks the relief described therein, but denies that the true facts and applicable law afford Plaintiff with an entitlement to any such relief.

## II.  SPECIFIC DENIALS OR AFFIRMATIVE DEFENSES

**2.01**    Plaintiff was not arrested, but was briefly held for an investigatory detention based upon reasonable suspicion.

**2.02**    The brief investigatory detention was for a period of about 20 minutes, give or take a couple of minutes, and could have been resolved within an even briefer period of time if Plaintiff had chosen to cooperate. Thus, the period of detention was reasonable under a totality of the circumstances known to the Officers, and there was certainly no violation of a Constitutional right.

**2.03**    There was no City policy or custom or practice that caused a violation of any of Plaintiff's Constitutional rights.

**2.04**    Any use of force was reasonable under a totality of the circumstances. There was no use of force clearly excessive to the need that was the sole cause of any alleged injuries.

**2.05**    Regardless of whether some of Plaintiff's conduct may have been protected, the

totality of circumstances were sufficient to justify initiating contact and then initiating and continuing an investigatory detention, and such actions did not violate any of Plaintiff's clearly established rights.

**2.06** No action was taken against Plaintiff in retaliation for, or violation of any First Amendment rights. In fact, during the course of the investigatory detention, Plaintiff's video camera continued to operate, apparently capturing some video and audio of the events, as well as matters leading up to the events – as evidenced by Plaintiff's YouTube video posting which contains edited excerpts from the video camera.

**2.07** The conduct of the individual Officers did not violate any clearly established law, and the Officers are entitled to qualified immunity.

**2.08** Although Plaintiff complains about the manner he was treated in plain view and allegedly suffered alleged humiliation, Plaintiff has thrust himself into a number of interactions with Law Enforcement or Security Officers in a variety of locations, has engaged in similar conduct, has videoed such interactions and has publicly posted video of the interactions on YouTube. Plaintiff has also published a video of portions of this incident on YouTube. Plaintiff's own action belie humiliation and also amount to a failure to mitigate.

### III.  FACTUALLY SPECIFIC ASSERTION OF IMMUNITY PURSUANT TO SCHULTEA

**3.01** Pursuant to the procedure set forth in <u>Schultea v. Wood</u>, 47. F.3d 1427 (5th Cir. 1995), the individual Defendants hereby set forth some factually specific assertions in connection with the individual Defendants' official immunity or qualified immunity defense.  This procedure is also a procedure approved by the United States Supreme Court.  <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597-598 (1998).  In connection with this, Defendants are also concurrently filing a Motion requesting that the Court require Plaintiff to file a Reply pursuant to Fed. R. Civ. P. 7(a).

**3.02**     At all times relevant to the subject incident, Officer Bagley and Officer Jones were on duty working as City of Addison Police Department Officers, they were wearing immediately recognizable dark blue Police Officer uniforms including their badges of office, shoulder patches, and equipment belts. At all relevant times, Lt. Vincent was in plain clothes, but was wearing his Police Officer badge and a Police approved sidearm and was both recognizable as a Police Officer and he identified himself as a Police Officer. The three individual Defendants were immediately recognizable as Police Officers.

**3.03**     The incident occurred on or about June 25, 2015, a date about 7 weeks after two individuals fired shots at the entrance to the Curtis Caldwell Center (a publicly operated facility in Garland) and a date approximately 12 days after an individual fired a number of shots at the City of Dallas Police Department Headquarters building entrance. Plaintiff was observed apparently using a video camera on a tripod to conduct video surveillance of a portion of the Police Department building where Officers park their patrol cars, and where Officers enter and exit the building adjacent to the parking area. Officer Bagley certainly had reason to make initial contact with Plaintiff to see what he was doing.

**3.04**     The totality of circumstances facing Officer Bagley after he made contact with Plaintiff provided reasonable suspicion that harmful or criminal activity was afoot, or could be afoot. Thus, initiation and continuation of an investigatory detention was lawful. Because Plaintiff would not cooperate and refused to put his phone away and continued to keep trying to use the phone for an unknown reason, Officer Bagley determined that it may be necessary to use reasonable force to continue the investigatory detention. Therefore, Officer Bagley removed the video camera on the tripod from Plaintiff's hand and Officer Bagley laid that video camera on the grass carefully so as not to damage it. Officer Bagley did not turn off or even attempt to turn off that video camera and allowed it to continue running throughout the remainder of the incident and

until it was returned to Plaintiff after the incident.

**3.05**    Plaintiff was wearing a backpack containing unknown items. Although Plaintiff was wearing a handgun, Officer Bagley did not immediately notice the handgun because of Plaintiff's position. Nonetheless, when Officer Bagley and other Officers noticed the handgun, the handgun did appear to be a potentially deadly weapon regardless of whether the weapon was as described by Plaintiff – a pre-1899 black powder weapon, which he states he could openly carry.

**3.06**    The circumstances leading to initial contact with Plaintiff and the initiation and continuation of an investigatory detention included: Plaintiff's actions of videoing or surveilling Police headquarters or Police activities at the part of the building where Police Officers park and enter and exit – areas of access not generally used by the public; the incident took place twelve days after the shooting event at the entrance of the Dallas Police Department Headquarters, and seven weeks after a shooting at the entrance to a publicly operated building in Garland; Plaintiff was wearing a backpack containing unknown items; Plaintiff refused to provide basic information about himself or his actions even after an Officer or Officers expressed some of the reasons for their concerns to him; Plaintiff reached to take out an object (which he stated was a cell phone) despite being told not to do so; Plaintiff then attempted to use the cell phone for unknown purposes, despite being told not to do so; Plaintiff's actions raised immediate concerns about Officer safety because the cell phone could have been used to request other people to come to the scene, or the cell phone could have a capability of remotely activating a harmful device; Plaintiff pulled away from the Officer's attempt to take the phone; and Plaintiff refused to put the phone away.

**3.07**    At this point, with Plaintiff continuing to attempt to use his cell phone for an unknown purpose, Officer Bagley used a leg sweep technique causing the Plaintiff to go to the ground on a grassy area where he could then be handcuffed for safety of the Officer or arriving Officers, as well as the suspect Plaintiff's safety. Controlling the Plaintiff would decrease the

likelihood of any need for additional force and decrease the risk of injury to Plaintiff, the Officers, or others in the area.

    **3.08**    Plaintiff did not appear to be injured from the leg sweep or takedown. He did not tell any Officer at the scene he was injured, and later when he came inside the Police building to ask about his cell phone, he did not report any injury. The use of force was minimal and reasonable.

    **3.09**    Officer Bagley and the other Officers realized Plaintiff was wearing a handgun, he was handcuffed and the handgun was removed because it appeared to be a deadly weapon. As the investigatory detention continued with Officers explaining their concerns and questioning Plaintiff about his actions, Plaintiff would not answer the questions or address the concerns of the Officers and Plaintiff explained that his handgun was a type of weapon which may be exempt from requirements regarding openly carrying firearms.

    **3.10**    The investigatory detention continued while Officers examined the handgun and another Officer communicated with Plaintiff; after it was determined that the handgun did not appear to be loaded, it appeared not to be modern in operating features, and after it was reasonably confirmed that Plaintiff did not appear to be preparing to engage in dangerous or criminal activity, and when Plaintiff was determined not to be an immediate danger, he was released and his property was returned. The returned property included Plaintiff's cell phone and handgun, and video camera, which the Officers had allowed to remain running through the incident.

    **3.11**    A reasonable Officer under the same or similar circumstances could have believed that the initial contact and the initiation and continuation of an investigatory detention was lawful and did not violate any of Plaintiff's clearly established rights.

## IV.  <u>JURY DEMAND</u>

    **4.01**    Defendant hereby demands trial by jury as to all matters asserted in Plaintiff's Complaint or any amendments or supplements thereto, and asserted in this Answer or any

amendments or supplements thereto.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays Plaintiff take nothing by his claims and that all claims against Defendant be dismissed with prejudice with costs and attorney's fees taxed to Plaintiff, and Defendant be awarded such other and further relief, whether special or general, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

___/s/James T. Jeffrey, Jr.___
**JAMES T. JEFFREY, JR.**
State Bar No.: 10612300
**LAW OFFICES OF JIM JEFFREY**
2214 Park Springs Blvd.
Arlington, Texas 76013
Phone No.: (817) 261-4640
Fax No.: (817) 275-5826
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing is being forwarded this 19th day of October 2015, the foregoing was electronically filed with the Electronic Case Filing System for the Northern District of Texas and electronic notice of this filing was given to counsel for Plaintiff via the ECF System.

___/s/James T. Jeffrey, Jr.___
JAMES T. JEFFREY, JR.